UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MICHAEL DOYLE, an individual,<br><br>    Appellant,<br><br>  vs.<br><br>AURORA LOAN SERVICES, LLC,<br><br>    Appellee. | Case No: C 11-03897 SBA<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Docket 18. |

On August 8, 2011, pro se Appellant Michael Doyle ("Appellant"), a Chapter 13 debtor, filed an appeal challenging two Orders issued by United States Bankruptcy Judge Dennis Montali: (1) an Order granting Appellee Aurora Loan Services, LLC ("Appellee") relief from the automatic stay[1]; and (2) an Order denying Appellant's motion for reconsideration of that Order. See Dkt. 1, 10. The parties are presently before the Court on Appellee's motion to dismiss, which contends that dismissal is appropriate on the ground that the appeal is moot because Appellant's bankruptcy action was dismissed on September 12, 2011 for violation of a Court Order. Dkt. 18. Appellant does not oppose the motion. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion to dismiss. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b);

---

[1] Section 362 of the Bankruptcy Code creates an automatic stay upon the filing of a bankruptcy petition. 11 U.S.C. § 362(a). The automatic stay serves two important purposes. "By halting all collection efforts, it gives the debtor a breathing spell from his creditors during which the debtor can try to reorganize. By preventing creditors from pursuing, to the detriment of others, their own remedies against the debtors' property the stay protects creditors." In re Dawson, 390 F.3d 1139, 1147 (9th Cir. 2004).

N.D. Cal. Civ. L.R. 7-1(b).

## I. DISCUSSION

### A. Judicial Notice

In connection with its motion to dismiss, Appellee filed a request for judicial notice pursuant to Rule 201 of the Federal Rules of Evidence. Dkt. 17. Appellee requests that the Court take judicial notice of two Orders issued by Judge Montali in the underlying bankruptcy action: (1) Order of Dismissal Prior to Confirmation, dated September 12, 2011; and (2) Order Denying Motion for Reconsideration of Order of Dismissal Prior to Confirmation, dated November 17, 2011. Id. A court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed.R.Civ.P. 201(b). The Court GRANTS Appellee's request for judicial notice. A court may take judicial notice of court filings and other matters of public record. See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006).

### B. Legal Standard

A district court has jurisdiction to hear bankruptcy appeals. 28 U.S.C. § 158. On an appeal, the district court may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Fed. R. Bankr.P. 8013. A district court may dismiss bankruptcy appeals for jurisdictional mootness. See In re Focus Media, Inc., 378 F.3d 916, 922 (9th Cir. 2004). Jurisdictional mootness applies when events "occur that make it impossible for the appellate court to fashion effective relief." Id.

### C. Analysis

In light of the dismissal of the underlying bankruptcy action, this Court lacks jurisdiction to decide Appellant's appeal because it has become moot by the intervening dismissal. See In re Pattullo, 271 F.3d 898, 900-901 (9th Cir. 2001). Here, because the appeal is entirely dependent on the existence of the underlying Chapter 13 bankruptcy

1 action insofar as the appeal seeks reversal of an Order granting Appellee relief from the
2 automatic stay, and because the bankruptcy action has been dismissed, the Court cannot
3 grant any effective relief.  Id. at 901 (" 'If an event occurs while a case is pending on appeal
4 that makes it impossible for the court to grant any effectual relief whatever to a prevailing
5 party, the appeal is moot and must be dismissed.' ").  Accordingly, Appellee's motion to
6 dismiss is GRANTED.

## II.  CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Appellee's motion to dismiss is GRANTED.
2. This Order terminates Docket 18.

IT IS SO ORDERED.

Dated:  3/13/12

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge